# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
## APRIL 2000 SESSION

## STATE OF TENNESSEE v. ANTHONY DAVID TAPP

**Direct Appeal from the Circuit Court for Rutherford County**
**No. F-39407   James K. Clayton, Jr., Judge**

---

**No. M1999-00414-CCA-R3-CD - Filed August 10, 2000**

---

The defendant, Anthony David Tapp, was convicted of vehicular homicide as a result of intoxication. The trial court imposed a Range I sentence of 10 years. In this appeal of right, the defendant contends that the trial court erred by allowing into evidence pretrial statements which had been made by him but which had not been provided by the state in advance of the trial. The judgment is affirmed. Instructions by the defendant to witnesses of an accident not to speak to police did not qualify as discoverable material within the terms of Rule 16 of the Tennessee Rules of Criminal Procedure. In consequence, the defendant is not entitled to a new trial.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed.**

GARY R. WADE, P.J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Gerald L. Melton (on appeal), District Public Defender, Russell N. Perkins (on appeal and at trial), Assistant Public Defender, Murfreesboro, Tennessee, for the appellant, Anthony David Tapp.

Paul G. Summers, Attorney General & Reporter, Lucian D. Geise, Assistant Attorney General, and John W. Price and Thomas F. Jackson, Jr., Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

On the evening of December 26, 1996, the victim, Dorris Tucker, was killed while riding as a passenger in a truck driven by the defendant. Glen Warner and Crissy Hammonds were the other passengers in the vehicle. Sharon Frazier and her husband, Fred, who was on active duty in the Navy at the time of the trial and did not testify, were witnesses to the accident. Ms. Frazier testified that she saw a brown Chevrolet pickup truck, traveling northbound on Rocky Ford Road in Smyrna, weave back and forth across both lanes of the road for approximately one-half block, strike a culvert, and then turn over onto the driver's side of the vehicle. Ms. Frazier observed passengers Hammonds and Warner climb out of the truck. The two other men were trapped inside.

The defendant, who was injured, was wedged in the driver's compartment. The victim, who was eventually removed by emergency personnel, was next to the defendant.

Ms. Hammonds, a witness for the state, testified that the defendant, the victim, and Warner, who was her boyfriend at the time, picked her up at her mother's house in LaVergne at approximately 5:00 P.M. on the evening of the accident. According to Ms. Hammonds, each of the four drank some beer before the defendant stopped at a liquor store to purchase a bottle of Old Charter. She had consumed "two or three beers" and had a swallow of whiskey from the bottle. Ms. Hammonds testified that when the accident occurred, the defendant was driving the vehicle, the victim was in the center, and Warner was in the right passenger seat. She was in Warner's lap. Ms. Hammonds estimated the time of the accident to be 6:30 P.M.

When paramedics arrived, the defendant was trapped in the truck with his arm caught between the door, which was ajar, and the cab. His legs faced the steering wheel. The victim, who had no pulse and was not breathing when the paramedics arrived, was on the right side of the defendant. The defendant, who was described as combative and uncooperative, told paramedics that his name was name was David Carr. He instructed Hammonds and Warner not to tell the authorities who was driving the vehicle at the time of the accident. Sergeant Bart Myers of the Smyrna Police Department overheard the defendant instruct the two not to speak to the officers or the paramedics. The investigating officers found some beer and a bottle of whiskey in the vehicle.

Paramedics James Belcher and Chris Clark testified to the extent of the defendant's injuries. Clark recalled that the defendant complained of pain to the right wrist and forearm, both of which were swollen. He remembered that the defendant had lacerations to his left ear and face, and he observed abrasions to the defendant's left rib cage and left foot.

Special Agent Michael John Little of the Tennessee Bureau of Investigation determined that a blood sample taken from the defendant at 9:57 P.M. contained 0.12% alcohol. A lab report from the hospital where the defendant was treated indicated a blood alcohol content of 0.185% at 7:45 P.M. Agent Little estimated that at 6:15 P.M., the approximate time of the accident, the defendant had a blood alcohol content of between .20% and .215%.

Officer Andy Miller of the Smyrna Police Department determined at the hospital that the defendant's surname was Tapp rather than Carr. Based on his findings at the scene, Officer Miller estimated that the defendant was driving 45 miles per hour when the vehicle ran off the roadway and struck a culvert.

The defendant complains that the state violated Rule 16 of the Tennessee Rules of Criminal Procedure by failing to reveal the content of statements the defendant made prior to trial. He argues that Rule 16(a)(1)(A) requires the prosecution to provide "any oral statement which the State intends to offer in evidence at the trial made by the defendant whether before or after arrest in response to interrogations by any person then known to the defendant to be a law enforcement officer . . . ." The defendant contends that the trial court should have prohibited the state from introducing his statements to Crissy Hammonds to the effect that she should "keep her mouth shut" and "don't tell

[investigating officers and paramedics] anything."  The defendant submits that because the statements were made in the presence of a police officer, the rule applies to these circumstances.

Approximately 15 minutes before trial, defense counsel learned about the statements the defendant had made to Ms. Hammonds in the presence of Sergeant Myers.  During the state's opening statement, the defense objected to any reference to the statements.  After an exchange out of the presence of the jury, the trial court ruled that the defendant's admonitions to Ms. Hammonds "to keep her mouth shut" and "don't tell them anything" were not statements to the police and were not subject to the rules of discovery.  The trial court determined that the evidence could be presented through Ms. Hammonds rather than the police officer.  The defendant argues that the trial court erred in making this ruling and that the error was not harmless.

The pertinent portion of the applicable rule provides as follows:

> Upon request of a defendant, the State shall permit the defendant to inspect and copy or photograph: any relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody or control of the State, the existence of which is known, or by the exercise of due diligence may become known, to the district attorney general; the substance of any oral statement which the State intends to offer in evidence at the trial made by the defendant whether before or after arrest in response to interrogations by any person then known to the defendant to be a law enforcement officer . . . .

Tenn. R. Crim. P. 16(a)(1)(A) (emphasis added).

Initially, when there has been a failure to produce discoverable material, the trial judge has the discretion to fashion an appropriate remedy.  Whether the defendant has been prejudiced by the failure to disclose is always a significant factor.  State v. Smith, 926 S.W.2d 267, 270 (Tenn. Crim. App. 1995); State v. Baker, 751 S.W.2d 154, 160 (Tenn. Crim. App. 1987).  Generally speaking, the exclusion of the evidence is a drastic remedy and should not be implemented unless there is no other reasonable alternative.  See, e.g., State v. House, 743 S.W.2d 141, 147 (Tenn. 1987).

Here, the trial court correctly ruled that the statements made by the defendant were not directed to a law enforcement officer and were not the result of a police interrogation.  The statements, therefore, did not fall within the meaning of Rule 16.  Moreover, even if the state should have provided the defense with its knowledge of the statements in advance of the trial, the error would have been harmless in this case.  See Tenn. R. App. P. 36(b).  The proof was simply overwhelming that the defendant was the driver of the vehicle, that he was intoxicated at the time of the accident, and that the victim died as a result thereof.  In our view, the result would have been the same even if the statement should have been provided under Rule 16 and the trial court had excluded the testimony.

-3-

Accordingly, the judgment is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE